IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

LEE SIMMONS and
PAULA SIMMONS                                                                                    PLAINTIFFS

v.                                                    CIVIL ACTION NO. 4:14-cv-00154-NBB-JMV

MISSISSIPPI FARM BUREAU
CASUALTY INSURANCE COMPANY and
JASON A. WELFORD                                                                              DEFENDANTS

## **MEMORANDUM OPINION**

This cause comes before the court upon the plaintiff's motion to remand. Upon due consideration of the motion, responses, exhibits, and supporting and opposing authority, the court is ready to rule.

Plaintiffs purchased a home in Mississippi. Flooding occurred soon thereafter and destroyed the home. The following litigation concerns the insurable liability leading up to the flood. Plaintiffs, Lee and Paula Simmons, filed this action Circuit Court of Sunflower County, Mississippi on May 18, 2012. Plaintiffs seek recovery on two counts against Mississippi Farm Bureau Casualty Insurance Company ("Farm Bureau"). The plaintiffs allege Farm Bureau misrepresented the active date of flood insurance coverage and/or failed to explain the policy coverage, and further, failed to procure the insurance coverage represented. Soon after the filing of the complaint, Farm Bureau removed the action to federal court, and the case was assigned to a federal judge different from the undersigned.

The plaintiffs filed a motion to remand the case to Sunflower County expressing a lack of federal question jurisdiction on the face of the complaint. The Court granted the motion and remanded the case. *Simmons v. Mississippi Farm Bureau Cas. Ins. Co.*, No. 4:12-CV-00063-

GHD, 2013 WL 3895043, at *5 (N.D. Miss. July 29, 2013). Farm Bureau conducted further discovery and removed the case once more.

Under 28 U.S.C. § 1446(b), when an action is not initially removable, the defendant has 30 days after it receives a copy of "other paper from which it may first be ascertained" that the case is or has become removable. As a general rule, once a case is remanded to state court, a defendant is precluded from seeking a second removal *on the same ground*. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996) (emphasis added). *See, e.g., St. Paul & C. Ry. Co. v. McLean*, 108 U.S. 212, 216–17 (1883). A remand order is conclusive only regarding the matters actually adjudged. *Id*.

In this, the second removal petition and accompanying briefs, defendant Farm Bureau subtly attempts to rehash arguments made in its initial removal petition. The arguments presented in Farm Bureau's initial removal motion will not be revisited. The question argued by Farm Bureau as to whether the plaintiffs' complaint alleges state law tort claims or federally preempted SFIP (Standard Flood Insurance Policy) claims has been answered.[1] Plaintiffs' allegations in their original complaint are not preempted by federal law.

This court will address Farm Bureau's removal arguments based on 28 U.S.C. § 1446(b)(3) "other paper" material presented after the previous order. Farm Bureau presents three issues in its removal petition: (1) federal jurisdiction based on the plaintiffs' amended complaint subsequent to remand, (2) correspondence from plaintiffs' counsel to defense counsel regarding a 30(b)(6) deposition, and (3) a statement plaintiff made during his deposition. It is proper for this court to discuss these three post-remand issues. *See* 28 U.S.C. § 1446(b)(3).

---

[1] The previous order remanding this case held: "that Plaintiffs' complaint does not present a federal question claim, but instead presents state-law tort claims that fall within the procurement-related SFIP claims not preempted by federal law, as the claims allege negligence on the part of Defendant. . . . [T]he Court is devoid of jurisdiction to hear this case." *Simmons v. Mississippi Farm Bureau Cas. Ins. Co*., No. 4:12-CV-00063-GHD, 2013 WL 3895043, at *5 (N.D. Miss. July 29, 2013).

Plaintiffs amended their complaint subsequent to the initial remand to state court. Plaintiffs' primary amendment added defendant Jason A. Welford. Welford is an agent of defendant Farm Bureau, a resident of Mississippi, and a non-diverse party. Farm Bureau does not assert federal jurisdiction based on diversity of citizenship. Therefore, the addition of Welford to the complaint is irrelevant for federal question jurisdictional analysis.

Along with the addition of Welford, plaintiffs amended the text of their complaint. The court has reviewed the amendments and finds them substantively immaterial. The plaintiffs' causes of action have not changed. An exhaustive listing of *de minimus* text alterations within the complaint is unnecessary. Most grammatical changes relate to the addition of defendant Welford. Those that do not, "do not reveal a new [ ] ground for removal." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996). The court finds the amended text in the plaintiffs' complaint non-substantive regarding the charges brought and relief sought. The amended text provides no further ground for federal question jurisdiction.

Farm Bureau next argues that an email from plaintiffs' counsel containing a draft 30(b)(6) deposition notice reveals plaintiffs' true intention to evade federal jurisdiction. The draft deposition notice requests Farm Bureau present someone with "[k]nowledge, information, and familiarity with any and all information disseminated by Farm Bureau to its agents and employees regarding the procurement, issuance, claims filing, and processing and handling of flood insurance policies" along with other procurement and claims processing related information. Plaintiffs' counsel states, this broad defense witness request was made to rebut Farm Bureau's affirmative defenses which relate to claim procurement and claim handling *inter alia*.

Additionally, Farm Bureau points to statements made by plaintiff Lee Simmons during his deposition that qualify as "other paper" to avail federal question jurisdiction. When defense counsel asks the amount of damages Mr. Simmons is claiming, Mr. Simmons responds, "[t]otal damage." When asked to clarify, Mr. Simmons responds, "$100,000." Farm Bureau argues this statement proves plaintiffs intend to recover based on the insurance policy's limits. Plaintiffs' counsel contends this is merely Mr. Simmons expressing his intent to recover the replacement cost of the home that was lost. The court agrees. That the replacement cost of the home is the same as the value of the insurance policy is not surprising. Mr. Simmons' statement does not make for an unequivocal and certain attempt to evade federal jurisdiction by artfully pleading the complaint.

Whether the email between plaintiffs' and defense counsel and the deposition testimony qualify as "other paper" within the meaning of 28 U.S.C. § 1446(b)(3) is disputed between the parties. However, the Fifth Circuit has pointed to other circuits that find an email between parties' counsel as "other paper": "[C]orrespondence between the parties and their attorneys or between the attorneys usually [is] accepted as [an] 'other paper' source [ ] that initiate[s] a new thirty-day period of removability.") *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000) (citations omitted). Deposition testimony has also been considered "other paper" for the purpose of diversity jurisdictional analysis, as held in *S.W.S.*, "a transcript of the deposition testimony is 'other paper.'"*S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996).

However, in the case *sub judice* this question need not be answered. Generally speaking, "[f]ederal [question] jurisdiction exists only when a federal question is presented on the face of the Plaintiff's properly pleaded complaint." *Rivot v. Regions Bank of La.*, 522 U.S. 470, 475

(1998). Even when a case is removed on the basis of diversity of citizenship, and not federal question jurisdiction, the evidence of federal jurisdiction must be substantial and clear:

> [n]otably, our limited case law holding that the jurisdictional amount in controversy requirement was proven by "other paper" pursuant to the second paragraph of section 1446(b) involved facts presented in the "other paper" from which it would be '*unequivocally clear and certain*' under the standard announced today that the amount in controversy requirement was met and the case was removable under federal diversity jurisdiction.

*Bosky v. Kroger Texas, LP*, 288 F.3d 208, 212 (5th Cir. 2002) (emphasis added).

As stated in, *Simmons v. Mississippi Farm Bureau Cas. Ins. Co*., No. 4:12-CV-00063-GHD, 2013 WL 3895043, at *5 (N.D. Miss. July 29, 2013), no such federal question claim has been pled on the face of the complaint. The text alterations, draft deposition request, and deposition statements have not altered the complaint in such a way as to make unequivocally clear that plaintiffs are attempting to recover based on federal question jurisdiction.

## Conclusion

The court has considered and rejected the remaining arguments in defendant Farm Bureau's submissions. For the foregoing reasons, the court finds that the plaintiffs' motion to remand a second time is well taken and should be granted. This case shall be remanded to the Circuit Court of Sunflower County, Mississippi. A separate order in accord with this opinion shall issue this day.

This, the 16th day of September, 2015.

*/s/ Neal Biggers*
**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**